# United States District Court
# District of Massachusetts

ROLANDO GONZALEZ,
    Petitioner,

v.                            CRIMINAL NO. 06-10081-NMG-01
                             CIVIL ACTION NO. 11-12060-NMG

UNITED STATES OF AMERICA,
    Respondent.

## *REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER TITLE 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN CUSTODY  (#151)*

COLLINGS, U.S.M.J.

      The petitioner Rolando Gonzalez ("petitioner" or "Gonzalez") seeks to vacate his conviction pursuant to 28 U.S.C. § 2255.  His ground is stated as follows:

> New evidence reflecting ineffective Assistance [*sic*] of counsel during the plea hearing that caused this court to reject the plea that would have resulted in 10

months lower sentence.

#151 at 5.

This basis for relief is further explicated in an Attachment, Etc. (#152) which reads as follows:

> When Petitioner appeared before this Honorable Court on the plea, the government and Petitioner had reached a stipulated plea agreement that would [have] resulted in a sentence of 98 months, however, after the Probation Officer informed this court that the criminal history of defendant was not the same as stipulated in the agreement, the Court refused to accept the purported agreement and caused to change the stipulation and the sentence was increased by 10 months. Before the Court accepted the purported agreement the PO told the court that beside the pending case in Puerto Rico and the arrest of that warrant in Lawrence Massachusetts, there was another conviction in Florida. As soon a [sic] the PO told the Court that 'false' statement, the proecutor [sic] argued in favor of Petitioner for the proporsition [sic] that there was not pending matter [sic] in Florida. However, this Court concluded that because that new alleged found information of prior pending Florida's case and the arrest in Mass. and the pending Puertorico [sic] Case, for a total sentence of 108 months. The plea would be accepted only if ten month [sic] over the 98 months are imposed for a total sentence of 108 months.
> It is petitioner's argument that there was not a case pending or not pending in Florida, [sic] and that the case that was pending in Puerto Rico was not a case of prior conviction and it was just expunged.

2

> Therefore, as all was a misunderstanding from the PO, and that mistake caused the Court to void the ppurported [sic] agreement that would have resulted in an [sic] sentence of 98 months oppose [sic] to 108 months.

#152 at 1-2.

The Court assumes that the manner in which defense counsel is said to have been ineffective is that he did not correct what are alleged to be inaccurate statements by the Probation Officer. The problem for the petitioner is that the cases in Florida and Puerto Rico, whatever their status, had nothing whatsoever to do with the Court's decision to effectuate a four-level enhancement which, in turn, raised the sentence to 108 months. Rather, the reason for the four-level enhancement is the Court's view that the petitioner

> ...qualifies as such a leader and organizer, warranting a four-level increase under both of those grounds: first, that there were five or more participants; and, second, even if there weren't, this was an extensive criminal activity that the Court is well aware of having just sat through the trial of one of the codefendants.

#159-1 at 3.

In fact, the Court noted that the petitioner's "...criminal history reveals no prior convictions" and that "[t]herefore, he falls in Criminal History Category I...". #159-1 at 7. While petitioner's counsel did mention "Florida matters" and "a

matter pending in Puerto Rico," *see* #159-1 at 18, whether or not there was a Florida matter or a pending matter in Puerto Rico had absolutely nothing to do with the imposition of a 108 month sentence rather than a 98 month sentence. In announcing the sentence, the Court specifically noted that the petitioner did not have a prior record. #159-1 at 23.[1]

In short, the present motion is frivolous and the petitioner's allegations are conclusively rebutted by the record in the case.  For this reason, I RECOMMEND that petitioner's Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#151) be DENIED and that Judgment enter accordingly.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections thereto with the Clerk of

---

[1]
It is noted that in the Pre-Sentence Report (at p. 29), the Probation Officer noted that:

> [p]ursuant to § 4A1.3(a) [of the Guidelines], the Court may upwardly depart if reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. In this case, the defendant has at least three pending criminal cases (including a drug trafficking charge), he appears to have a history of non-compliance with court/law enforcement instructions and, according to Ana Cosme, he has been involved in drug activity in the Lawrence, Massachusetts, area. The Court may wish to consider whether an upward departure pursuant to § 4A1.3(a) is appropriate.

However, the Probation Officer did not recommend such a departure, and the Court did not upwardly depart pursuant to § 4A1.3(a).  *See* 159-1 at 4-7.

this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply to file objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603(1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

May 11, 2012.